FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
MAR 31 2014
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINA A. SELVAGGIO,

                Plaintiff,

-against-

POLICE OFFICER ANAIDA PATTERSON,
POLICE OFFICER ROBIN LESTRADE,
SERGEANT WALSH, and THE CITY OF NEW
YORK,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-2436 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff filed this § 1983 action in relation to her 2012 arrest for her suspected domestic abuse of her husband. (Compl. (Dkt. 1).) On February 12, 2014, Plaintiff moved the court to exclude from evidence a police complaint against her by her husband, which, she asserts, Defendants will offer into evidence. (Dkt. 20.) The complaint was filed some months prior to the incident that led to Plaintiff's arrest. (Id.) Plaintiff also sought to exclude an undated memorandum related to the arrest and addressed to an Assistant District Attorney. (Id.) Plaintiff claims that these documents will be used as improper evidence of character and that she was prejudiced because she only received them at the close of discovery. (Id.) Defendants responded that Plaintiff's motion is premature and that the police complaint helps to establish probable cause for Plaintiff's arrest. (Defs.' Feb. 20, 2014, Ltr. (Dkt. 22).) Plaintiff replied by letter, including additional documents. (Pl.'s Feb. 25, 2014, Ltr. (Dkt. 23).) She also requested a hearing regarding her motion at which she could question one of the police officers involved in her arrest, Sergeant Walsh. (Id.)

1

Defendants recently sought permission to file a motion for summary judgment. (Defs.' Mar. 19, 2014, Ltr. (Dkt. 24.).) They have not yet sought to introduce the documents at issue into evidence. Magistrate Judge Robert Levy also granted permission to Plaintiff to serve additional interrogatories on Sergeant Walsh. (Feb. 14, 2014, Order.) At this stage, the motion in limine is premature because the court does not have an indication that Defendants will seek to introduce the documents for improper purposes at trial. Should Defendants submit the disputed evidence as part of a motion for summary judgment, Plaintiff will have the opportunity to object, in her opposition papers, that the alleged facts are not supported by admissible, material evidence. See Fed. R. Civ. P. 56(c)(2). As a result, Plaintiff suffers no harm if the documents in question are not excluded from evidence at this stage in the proceedings.

Plaintiff's motion is therefore DENIED WITHOUT PREJUDICE.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
March 28, 2014

NICHOLAS G. GARAUFIS
United States District Judge